UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-cv-3414 |
| RUBLOFF MD87-936, L.L.C., ) | |
| RONALD E SWENSON, ) | Judge Sharon Johnson Coleman |
| AND GERAL H. WEBER, JR., ) | |
|     Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on plaintiff Key Equipment Finance, Inc.'s ("Key") motion for order of replevin. For the following reasons, Key's motion for order of replevin is denied without prejudice.

**Background**

On August 10, 2006, Key loaned defendant Rubloff MD87-936, LLC ("Rubloff") $6,333,269.56 to purchase a small aircraft ("First Note"). Rubloff executed a security agreement granting Key a security interest in the aircraft. On August 15, 2007, Key loaned Rubloff an additional $6,300,000.00 to repair and improve the aircraft ("Second Note"). Defendants Ronald E. Swenson ("Swenson") and Gerald H. Weber, Jr. ("Weber") executed personal guaranties on each note in Key's favor in August of 2006 and 2007. Rubloff failed to make payments and defaulted on both notes in February 2011. In October 2011, the parties reached a settlement agreement for a discounted payoff of $4,830,000.00. Rubloff again defaulted by failing to make payments in December 2011. Key subsequently declared the entire unpaid balance of each note immediately due, amounting to $9,704,974.32 plus all interest, fees and costs.

Key filed the instant complaint on May 7, 2013 alleging (I) claim for replevin, (II) foreclosure of mortgage and security interest, (III) breach of the First Note, (IV) breach of the Second note, (V) breach of guaranty against Swenson, and (VI) breach of guaranty against Weber. Key filed an order for replevin and motion for order preserving evidence[1] noticed for

---

[1] Key withdrew without prejudice its motion for order preserving evidence as moot. (Dkt # 42, Key's reply brief, at p. 2.)

1

presentment on June 5, 2013, alleging Rubloff had not cured the default and refused to turn over the aircraft. On June 4, 2013, Rubloff filed for Chapter 11 bankruptcy in the District of Kansas at Wichita and Key's motions in this court were stayed. In bankruptcy, Key moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) and requested waiver of rule 4001(a)(3) in order to continue its replevin action. Key also moved to dismiss the bankruptcy action pursuant to 11 U.S.C. § 1112(b).

The bankruptcy court ultimately modified the automatic stay and dismissed the case. Rubloff filed a notice of appeal with the district court in Kansas and moved to stay pending appeal with the bankruptcy court. Thereafter, Key revived its motions pending in this court and filed a supplement regarding the bankruptcy proceedings.

**Discussion**

**1. Order on Replevin**

In Illinois, replevin is strictly a statutory proceeding and the requirements of the statute must be followed precisely. *Carroll v. Curry*, 392 Ill.App.3d 511, 513 (2d Dist. 2009) (citing *Universal Credit Co. v. Antonsen*, 374 Ill. 194, 200 (1940)). Section 19-101 of the Illinois Code of Civil Procedure provides that "[w]henever any goods or chattels have been wrongfully distrained, or otherwise wrongfully taken or are wrongfully detained, an action for replevin may be brought for recovery of such goods or chattel by the owner or person entitled to their possession." 735 ILCS 5/19–101. The court conducts a hearing to review the basis for the plaintiff's alleged claim to possession. 735 ILCS 5/19–107. The plaintiff must prove that he is lawfully entitled to the possession of the property sought to be recovered, and that the defendant wrongfully detains the property after refusing to deliver possession of it to the plaintiff. *International Harvester Credit Corp. v. Helland*, 130 Ill.App.3d 836, 838 (2d Dist. 1985) (citing *Hanaman v. Davis*, 20 Ill.App.2d 111 (1959)).

Key argues that the bankruptcy hearing on its motion to lift the stay and dismiss the bankruptcy action obviates the need for a hearing on replevin before this court. Rubloff argues it is entitled to an evidentiary hearing prior to entering an order on replevin. This Court agrees with Rubloff. No order for replevin may be entered nor may property be seized pursuant to an order for replevin prior to notice and hearing. 735 ILCS 5/19-105. Circumstances excusing the hearing requirement include the imminent destruction, concealment, removal, perishable nature, or imminent sale, transfer or assignment of the disputed property. 735 ILCS 5/19–106. Key fails to

2

allege any circumstances excusing the hearing requirement, thus its motion to enter an order for replevin prior to a hearing must be denied. *See Firestone Fin. Corp. v. King Amusements, Inc.*, 2013 WL 1286665 at *7-8 (N.D. Ill. Mar. 28, 2013) (stating that "granting replevin based solely on a contested, pre-discovery motion for replevin would be improper").

**2. Key's supplement regarding bankruptcy proceedings**

In its supplement, Key urges the Court to take judicial notice of certain findings of fact and law made by the bankruptcy judge, as well as attestations made and a stipulation entered into during the bankruptcy proceeding. Key attaches the bankruptcy order lifting the stay, transcript of the oral ruling, order denying Rubloff's motion for stay pending appeal, a stipulation, and Rubloff's bankruptcy petition to its supplement. A court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute and either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination. Fed.R.Evid. 201(b); *Trudeau v. ConsumerAffairs.com, Inc.*, 2011 WL 3898041 at *2 (N.D. Ill. Sept. 6, 2011). Thus, the Court takes judicial notice of the court documents Key has provided for the limited purpose of recognizing the fact of litigation and related judicial actions; it does not consider the documents for the truth of the matters asserted therein. *See id*; *Global Relief Found. v. New York Times Co.*, 2002 WL 31045394 at *4 (N.D.Ill. Sept.11, 2002).

Key argues Rubloff should be precluded by res judicata and collateral estoppel from re-litigating certain findings of fact and law made by the bankruptcy judge. In the bankruptcy action, Key moved for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2). Key also moved to dismiss the bankruptcy case for cause on three grounds: diminution of the estate and absence of reasonable likelihood of rehabilitation, gross mismanagement, and failure to maintain insurance pursuant to 11 U.S.C. § 1112(b)(1) and (4)(A), (B), and (C). The bankruptcy court ultimately granted both motions.

As a preliminary matter, a hearing on a motion to lift the automatic stay under Section 362(d) is limited in scope and the issues considered are limited to adequacy of protection, equity and necessity to an effective reorganization. *Matter of Vitreous Steel*, 911 F.2d at 1231-1234. Indeed, the court considers only whether there is a *colorable claim of a lien on a property* of the estate. *Id*. at 1234 (emphasis added); *see also In re Brian Wise Trucking, Inc.*, 386 B.R. 215, 218 (Bankr. N.D. Ind. 2008) (the purpose of 362(d)(1) is to ensure that a secured creditor is not harmed while the debtor attempts to reorganize its affairs while 362(d)(2) is designed to test

whether the debtor is making sufficient progress towards a sufficiently realistic goal so that its efforts should be allowed to proceed). Section 1112(b) is meant to cut short a bankruptcy plan and confirmation process where it is pointless. *In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 749 (Bankr. N.D. Ill. 2004). Conversely, the primary purpose of the Illinois replevin statute is to test the *right of possession* of personal property and place the successful party in possession of the property. *Carroll*, 392 Ill.App.3d at 514 (emphasis added).

The doctrine of res judicata bars suits on matters which were raised or could have been raised in previous litigation between the parties. *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990). Res judicata has three elements: (1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011) (quotation marks and citation omitted). Whether an identity of the cause of action exists depends on whether the claims arise out of the same set of operative facts or the same transaction. *Id.* While there is arguably some factual overlap, the bankruptcy claims and the underlying facts supporting them are patently different from the replevin action seeking immediate possession of the aircraft. Key overstates the reach of res judicata in suggesting "Key's request to lift the automatic stay to seek replevin of the aircraft" is the same cause of action. (Dkt 42, Key's reply brief, at p. 5.) Thus, res judicata does not apply.

The doctrine of collateral estoppel, on the other hand, bars re-litigation of issues that were actually and necessarily decided in prior litigation between the parties, regardless of whether the two suits are based on the same cause of action. *Matter of Vitreous Steel*, 911 F.2d at 1234. For collateral estoppel to apply, (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action. *Matrix IV, Inc.*, 649 F.3d at 547 (quotation marks and citation omitted). If an issue was not actually decided in an earlier proceeding, or if its decision was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel. *In re HIE of Effingham, LLC*, 490 B.R. 800, 812 (Bankr. S.D. Ill. 2013) (quotations marks and citations omitted).

In the bankruptcy proceeding, the parties stipulated to the principal balance of $9,704,964.32 on the two notes ("Bankruptcy Stipulation"). (Dkt # 36-3 at p. 2.) The amount

4

Rubloff owes Key was a necessary finding in order for the bankruptcy judge to find Rubloff had no equity in the aircraft and lift the stay. *See Matter of Vitreous Steel*, 911 F.2d at 1232. Key argues that Rubloff is collaterally estopped from re-litigating the principal balance of the two notes and other findings of fact, including the value of the aircraft, made by the bankruptcy judge. Rubloff suggests that its stipulation and other attestations made in the bankruptcy action have limited effect because the bankruptcy case was essentially dismissed "without prejudice," and the case and parties were essentially returned to their pre-petition positions.

While the bankruptcy judge necessarily relied upon the Bankruptcy Stipulation in finding that the stay should be lifted, stipulations of fact are not "actually litigated" for purposes of collateral estoppel. *Petit v. City of Chicago*, 2001 WL 914457 at * 10 (N.D. Ill. Aug. 13, 2001). Furthermore, the Bankruptcy Stipulation is silent as to the parties' intent for it to be binding in subsequent legal proceedings. The replevin action was commenced prior to the bankruptcy action, and was automatically stayed upon Rubloff's filing its petition in bankruptcy. Thus, the parties could have easily expressed their intent for the Bankruptcy Stipulation to be binding in this proceeding. Absent such an intent, the stipulation to the principal balance on the two notes was not actually litigated in the bankruptcy proceeding and thus its litigation in the replevin action is not barred by collateral estoppel. *See Gen. Dynamics Corp. v. Am. Tel. & Tel. Co.*, 650 F. Supp. 1274, 1283 (N.D. Ill. 1986) (finding that stipulation in former suit which did not manifest parties' affirmative intention to be bound in future cases would not be given preclusive effect).

The Court does not find it necessary to discuss the effect, if any, of collateral estoppel on each additional finding of fact identified by Key at this time. Subsequent pleadings have shown that Rubloff does not even contest all of the bankruptcy judge's findings of fact and Key is free to raise the issue again at the appropriate time.

**Conclusion**

For the foregoing reasons, Key's motion for an order of replevin is respectfully denied.
IT IS SO ORDERED.

_____
Date: December 6, 2013

Sharon Johnson Coleman
United States District Judge